## UNITED STATES v. CADZOW.

Fourth Division. Fairbanks. January 15, 1924.

No. 2577.

1. Costs ⊝⇒147, 174(1), 184(1)—Statutes.

Section 30, tit. 1, Act Cong. June 6, 1900, being section 389, Comp. Laws Alaska 1913 (see 48 USCA § 25 [U. S. Comp. St. § 3587]), authorized the Attorney General of the United States to prescribe and promulgate a schedule of fees, mileage, etc., for court costs in Alaska, together with rules and regulations governing such matters, in all cases where such fees, mileage, etc., are not fixed by statute. By circular 639, dated January 1, 1917, the Attorney General provided "that any witness before the district court, a commissioner, or otherwise, may elect to receive his actual expenses of travel and subsistence, necessary to ordinary convenience and comfort, in lieu of all per diems and all mileage, as above provided." By an act of the Legislature of Alaska (chapter 38, Sess. Laws 1923) it was enacted that the prevailing party may tax as costs, etc., covering the same cost. *Held*, that the use of the word "may" in the above connection is per-

⊝⇒See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

missive, and not peremptory, and gives the prevailing party merely permission to follow the provisions thereinafter contained, if he so desires, and if he does not so desire, and does not choose to exercise the permission granted, he is not estopped from claiming what he is allowed in the opening words of the paragraph of the same section, which is a re-enactment in identical language of section 1345, Comp. Laws Alaska 1913, viz. "all necessary disbursements, including the fees of officers and witnesses."

**2. Costs ⊛⟶147—Statutes ⊛⟶158—Repeal by Implication.**

The act of the Legislature (chapter 38, Sess. Laws 1923) nowhere attempts to repeal section 389, Comp. Laws Alaska 1913, conferring authority upon the Attorney General of the United States to promulgate the rules and regulations therein authorized, and to amend the same when necessary, nor does it anywhere contain the provision that it repeals all acts or parts of acts in conflict therewith, and therefore it cannot be contended that either the section conferring authority upon the Attorney General aforesaid or the rules and regulations promulgated by him thereunder have been expressly repealed, nor is there anything apparent in the act itself from which it may be successfully contended that it impliedly repeals that authority or those rules and regulations. *Held*, repeals by implication are not favored, and will not be indulged, if there is any other reasonable construction. An act will not be construed to repeal or modify earlier legislation, if, giving such effect to the act, an apparent purpose would appear to disturb an established system of written law, covering a vital field in our system of government.

The United States Attorney, for plaintiff.
John A. Clark, of Fairbanks, for defendant.

CLEGG, District Judge. The plaintiff, after judgment, has filed an amended cost bill claiming:

| | |
|---|---|
| Marshal's fees .................................$ | 210.50 |
| Witness fees as follows: | |
| W. L. Harber, Ft. Yukon, actual and necessary expenses of travel and subsistence in lieu of mileage and per diem. ............................ | 460.30 |
| Harry Healy, same, subpœnaed about 200 miles up Porcupine river from mouth. ................... | 792.30 |
| Charles Strom, same, subpœnaed same place. ...... | 772.80 |

The defendant objects to the three last items on the ground that each charge is unlawful, not authorized by law, and that said taxation was made in total disregard of the provisions of the Compiled Laws of Alaska, of the Session Laws of the

Alaska Legislature of 1923, and of the Revised Statutes of the United States.

Prior to the year 1923 the subject of the payment of witness fees and marshal's fees by litigants was regulated by the Attorney General under authority conferred by Act June 6, 1900, tit. 1 § 30 (48 USCA § 25 [U. S. Comp. St. § 3587] ; section 389, Comp. Laws Alaska 1913), which reads as follows:

"In case the law requires or authorizes any services to be performed or any act to be done by any official or person within the District of Alaska, and provides no compensation therefor, the Attorney General may prescribe and promulgate a schedule of such fees, mileage, or other compensation as shall be by him deemed proper for each division of the court, and such schedule shall have the force and effect of law ; and the Attorney General may from time to time amend such schedule and promulgate the same as amended, and the schedule as amended and promulgated shall also have the force and effect of law,"

—and Act June 6, 1900, tit. 3, § 4 (31 Stat. 494), which reads as follows:

"The Attorney General may, from time to time, make such rules and regulations, not in conflict with law, as he may deem necessary to insure the efficient administration of the law and to avoid conflicts of jurisdiction or of officials in the district." ·

Pursuant to the authority therein conferred upon the Attorney General of the United States, he did, on January 1, 1911, under the authority of said act and subsequent acts, promulgate certain amended rules and regulations, among which are the following with reference to compensation of witnesses in the Fourth judicial division:

"For attendance on the District Court or before any officer other than a commissioner pursuant to law, and for the time necessarily occupied in going to and returning from the same, per day............ $4.00
"For the distance actually and necessarily traveled in going to and returning from the place of such attendance, per mile .......................... .15

"Provided, that for all travel in other judicial districts and for all travel by sea, except from one point to another in Alaska and within Alaskan waters, witnesses shall be entitled to only 5 cents per mile for going and returning: Provided further, that a witness subpoenaed from a point 100 miles or over from the place of holding court may elect to receive his actual necessary expenses of travel and subsistence in lieu of mileage hereinbefore provided."

And with reference to the services of the United States marshal by section 432 of the aforesaid printed amended instructions it was provided as follows:

"When the expenses of a marshal or an office deputy on a trip are greater than the mileage, or when the expenses of a fee deputy on a trip on which he elected to take actual expenses in lieu of mileage are greater than the mileage, the actual expenses and the amount of the fees for serving the process should be collected. But when the mileage exceeds the actual expenses of the trip, the mileage and the amount of the fees for serving the process should be collected."

It is not contended by the defendant that the Attorney General had no authority to promulgate the aforesaid rules, but it is his contention that the same have been amended, or at least rendered inoperative, by chapter 38, Session Laws of Alaska of 1923, entitled:

"To amend sections 1345, 1352 and 1360, Compiled Laws of Alaska 1913, relative to the recovery of costs and disbursements in certain civil proceedings in court, and to make further provision concerning the same."

The first paragraph of the act of the Legislature last above mentioned is a re-enactment of section 1345 in identical language, and in addition thereto contains the following provision, viz.:

"The prevailing party may tax as costs the sum of $20.00 when the case is dismissed before it is set for trial after appearance by the opposite party, and the sum of $40.00 when not disposed of until after it is set for trial; for each deposition such sum as may be allowed by the court; the per diem actually paid the court reporter but not to exceed $10.00 per day; witness fee for each day a witness is necessarily absent from his usual place of abode by reason of attendance upon court, with traveling expenses at 15 cents per mile actually and necessarily traveled; a party to the action, if a witness, shall be entitled to the same fee and traveling expense as any other witness; in the district court only, a reasonable attorneys' fee to be fixed by the court.

"Whenever in any civil action now pending or hereafter instituted the cause shall be set for trial though dismissed before trial the defendant shall recover as costs all the witness fees and other reasonable expenses which he has necessarily incurred or for which he has necessarily made himself liable in anticipation of a trial of all the issues raised by the pleadings."

Prior to the time of the passage of the aforesaid act of the Legislature, and up to the 1st day of January, 1917, the amended rules and regulations of the Attorney General hereinabove

7 A.R.—9

referred to were in full force and effect with the force of law
in this division, and, as will be seen by a reference to the At-
torney General's provision with reference to the compensation
of witnesses, it is provided that a witness in attendance on the
District Court, who is subpœnaed from a point 100 miles or
over from the place of holding court, may elect to receive his
actual necessary expenses of travel and subsistence in lieu of
mileage hereinbefore provided.

On the 1st day of January, 1917, by circular 639 from the
Attorney General's office, the aforesaid provision was further
amended to read as follows:

"That any witness before the District Court, a commissioner, or
otherwise, may elect to receive his actual expenses of travel and sub-
sistence, necessary to ordinary convenience and comfort, in lieu of
all per diems and all mileage, as above provided."

It was thus left optional with a witness to claim and to be
paid for service and attendance, either per diem and mileage,
or in lieu thereof his actual necessary expenses of travel and
subsistence, irrespective of where he was subpœnaed.

I must assume that the Legislature of Alaska in session in
the year 1923, which passed the act above mentioned, amend-
ing sections 1345, 1352, and 1360, Compiled Laws of Alaska,
was not ignorant of the provisions of law for the payment of
witnesses subpœnaed and in attendance upon the District Court
of this division.

Bearing this in mind, and referring to the language used by
the Legislature in chapter 38 of the Session Laws of 1923,
where the following language is used with reference to costs,
viz., "the prevailing party may tax as costs," it will be seen that
the use of the word "may" in the above connection is permis-
sive, and not peremptory, and gives to the prevailing party
merely permission to follow the provisions thereinafter con-
tained if he so desires, and if he does not so desire, and does
not choose to exercise the permission granted, he is not estop-
ped from claiming what he is allowed in the opening words of
the paragraph of the same section, which is a re-enactment in
identical language, as before stated, of section 1345, Compiled
Laws of Alaska, viz., "all necessary disbursements, including
the fees of officers and witnesses."

It is not claimed by the defendant that the disbursements for
the fees of the United States marshal in question, or of the wit-

nesses in question, were not necessary. It is conceded that they were necessary, but it is claimed that the amounts allowed are unlawful. In this, for the reasons stated, I cannot agree.

The act of the Legislature above referred to nowhere attempts to repeal the above section, conferring authority upon the Attorney General to promulgate the rules and regulations aforesaid.and to amend the same when necessary, nor does it anywhere contain the provision that it repeals all acts or parts of acts in conflict therewith, and therefore it cannot be contended that either the section conferring authority upon.the Attorney General aforesaid or the rules and regulations promulgated by him thereunder have been expressly repealed, nor is there anything apparent in the act itself from which it may be successfully contended that it impliedly repeals that authority or those rules and regulations.

"Repeals by implication are not favored, and will not be indulged, if there is any other reasonable construction."

"An act will not be construed to repeal or modify earlier legislation, if, giving such effect to the act, an apparent purpose would appear to disturb an established system of written law, covering a vital field in our system of government."

25 R. C. L. § 169.

The costs as taxed by the decision of the clerk may stand, and the appeal is disallowed.